0IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNE B. REIBSTEIN   and<br>ROBERT M. REIBSTEIN<br>107 Morlyn Avenue<br>Bryn Mawr, PA 19101<br><br>v.<br><br>NATIONAL FINANCIAL SYSTEMS, INC<br>6851 Jericho Turnpike<br>Syosset, NY 11791 | :<br>:<br>:      CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:      JURY TRIAL DEMANDED<br>:<br>:<br>: |

## COMPLAINT

1. Dianne B. Reibstein and Robert M. Reibstein ( hereinafter Reibstein's ), by and through their attorney,  hereby complains of National Financial Systems, Inc. ( hereinafter called Defendant ) and alleges as follows:

## INTRODUCTION

2. This is an action for punitive, actual and statutory damages brought by individual consumers for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.            ( " FDCPA" ).

## JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section 1337.  All wrongful acts alleged in this complaint occurred or were directed to this Judicial District.

4. Plaintiffs " Reibstein " are natural persons residing at 107 Morlyn Avenue Bryn Mawr, Pennsylvania 19010.

5. Defendant National Financial Systems, Inc, upon information and belief, is alleged to be a New York Corporation  with their place of business located at 6851 Jericho Turnpike Syosset, NY 11791, and regularly conducts business collecting debts from consumers who reside in the Commonwealth of Pennsylvania.

## COMPLAINT

6. It is alleged that at all applicable to this Complaint that Plaintiffs are "consumers" as

      defined in 15 U.S.C. Section 1692 (a)(3) of the Fair Debt Collection Practices Act.

7. It is alleged at all times applicable to this Complaint that Defendant National Financial Systems, Inc., acting individually and through its employees, servants, and agents, is a " Debt Collector" as defined in 15 U.S.C. Section 1692 (a)(6) of the Fair Debt Collection Practices Act.

8. On or about September 28, 2001 Plaintiff Dianne B. Reibstein received a letter authored by Defendant dated September 20, 2001. She shared this with her husband Robert M. Reibstein. Before even being opened, it was plainly visible through the window of the envelope that this letter was an attempt to collect a debt. This letter is attached to this complaint and marked as Exhibit P-1. A copy of this letter in the envelope is also attached as Exhibit P-2. The failure to safeguard the contents of a collection correspondence is a violation of 15 U.S.C. Section 1692f(8) which prohibits the use of any language or symbol in a mailing that conveys the communication is from a debt collector.

9. The body of the letter is an attempt to collect a debt on behalf of " Citicorp-Visa ". This is not the name of the current creditor or original creditor. The true name of the creditor is Citibank (South Dakota), N.A, This failure to correctly name the true creditor is a violation of the prohibitions contained in 15 U.S.C. Section 1692e(10) against using false and deceptive means to attempt to collect a debt.

10. Defendant's consciously chose a name for their business " National Financial Systems, Inc." calculated to mislead the least sophisticated consumer into the impression that they were somehow affiliated or vouched for by the Government of the United States of America in strict violation of the prohibitions contained in 15 U.S.C. Section 1692e(1).

11. The Defendant acted intentionally, recklessly and negligently as to Plaintiffs rights, and the rights of those similarly situated, under the Fair Debt Collection Practices Act in order to enhance the likelihood of a maximum monetary recovery. The actions of the Defendant were extreme and outrageous entitling Plaintiffs to punitive damages in addition to other damages resulting from Defendant's wrongful acts, said acts reflecting a flagrant disregard for Plaintiffs legal rights and welfare.

12. As a result of the wrongful acts of Defendants as alleged, Plaintiffs have been obligated to retain counsel whose normal hourly billing rate for Federal Court litigation is $175.00 per hour. It is alleged that four ( 4 ) hours of legal services have been expended by counsel in developing this claim and in the drafting and filing of this Complaint in Federal Court, and more hours of legal time will be expended for which recovery is sought.

      WHEREFORE, Plaintiffs request Judgment in their favor and against Defendants and request that this Court issue and Order granting them:

A. Statutory damanges in the amount of ONE THOUSAND DOLLARS ( $1,000.00 ) from Defendant for each Plaintiff for their statutory violations of the Fair Debt Collection Practices Act;

B. Award Plaintiffs damages for emotional distress in an amount in excess of TWENTY THOUSAND DOLLARS ( $20,000.00 );

C. Award Plaintiffs reasonable costs of suit and attorneys fees at the fate if ONE HUNDRED SEVENTY-FIVE DOLLARS ($175.00) per hour;

D. Award Plaintiffs punitive damages in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) or, in the alternative, an amount consistent with an Award by Jury; and

E. Award Plaintiffs such other costs as which may be necessary to perfect this claim under the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff requests that this Court issue judgment in their favor and against the Defendants in a sum to be determined by the Court.

Respectfully submitted,

_____
LARRY S. EISMAN, ESQUIRE
Attorney for Plaintiffs
705 Montgomery Avenue
Narberth, PA 19072
610-664-1999
Attorney I.D. No.   19738